## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

GARY D. WOMACK,        )
                             )
            Plaintiff,   )
                             )
v.                         )     Case No. CIV-07-167-W
                             )
MICHAEL J. ASTRUE,      )
COMMISSIONER OF THE SOCIAL  )
SECURITY ADMINISTRATION,   )
                             )
            Defendant.  )

### REPORT AND RECOMMENDATION

Plaintiff, Mr. Gary D. Womack, seeks judicial review of a denial of disability insurance benefits (DIB) and supplemental security income benefits (SSI) by the Social Security Administration. This matter has been referred for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). It is recommended that this Court reverse the Commissioner's decision and remand the case for further proceedings.

## I.    Agency Proceedings

Plaintiff filed applications for DIB and SSI in February 2004, alleging an inability to work since April 15, 1999. *See* Administrative Record [Doc. #11] (AR) at 47-49; 180-182. Plaintiff's applications were denied initially and on reconsideration. AR 23, 24; 183, 187. Following a hearing before an Administrative Law Judge, the ALJ found that Plaintiff was not disabled. AR 12-20. The Appeals Council denied Plaintiff's request for review, AR 5-8, making the decision of the ALJ the final decision of the Commissioner.

## II.    <u>The ALJ's Decision</u>

The ALJ applied the five-step sequential evaluation process required by agency regulations. *See Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920.   He first determined that Plaintiff had not engaged in substantial gainful activity during the relevant period.   AR 15, 19.   At step two, the ALJ determined that Plaintiff suffers from severe impairments:   degenerative joint disease in both knees, obesity, chronic gouty arthritis and hypertension.   AR 16, 19.   At step three, the ALJ found no impairment or combination of impairments that meets or equals the criteria of any listed impairment described in the regulations.   AR 16, 19.   At step four, the ALJ determined Plaintiff's residual functional capacity (RFC):

> [C]laimant retains the residual functional capacity to lift and carry (including upward pulling) 20 pounds occasionally and 10 pounds on a frequent basis. The claimant can stand and/or walk (with normal breaks) for a total of 6 hours out of an 8-hour workday.   He can sit (with normal breaks) for a total of about 6 hours in an 8-hour workday.   The claimant should only engage in occasional climbing of ramps, stairs, ladders, ropes and scaffolds.   He should only occasionally engage in balancing, stooping, kneeling, crouching, and crawling. The claimant's ability to push and pull is unlimited, including operation of hand and/or foot controls up to the poundage previously discussed.   The claimant has no visual, manipulative, communicative, or environmental limitations.   The claimant retains the residual functional capacity to perform a wide range of light work activity.

AR 18, 19.   Based on the testimony of a vocational expert (VE), the ALJ determined that Plaintiff could return to his past relevant work as "Small Business Owner" and therefore was not disabled.   AR 19.

III.    **Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole, and whether the correct legal standards were applied. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, but the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Hackett*, 395 F.3d at 1172 (quotations and citations omitted).

IV.    **Issues Considered on Appeal**

Plaintiff contends that the Commissioner's decision should be reversed because the ALJ did not consider medical records which relate to a period after the administrative hearing but before the ALJ rendered his decision.[1] According to Plaintiff, the new medical records

---

[1] Notably, these medical records were never submitted to the ALJ. The medical records were first submitted to the Appeals Council approximately five months after the ALJ rendered his decision.

show that his hand impairments limit his ability to grasp objects or otherwise use his hands and that these limitations should be reflected in the determination of Plaintiff's RFC.

Plaintiff further contends that the ALJ's credibility analysis is erroneous and that the ALJ erred in rejecting without explanation Plaintiff's testimony that he must spend large parts of each day with his feet elevated.

In the interests of justice and because of the importance of assuring the fair administration of the Social Security system, this Court considers on its own motion an additional issue of plain error, as discussed below.

## V.    Analysis

### A.    Consideration of New Evidence

Plaintiff contends that the ALJ erred in failing to consider new medical evidence that Plaintiff is experiencing limitations in his ability "to grasp objects or otherwise use his hands." Plaintiff's Brief at 16. The evidence to which Plaintiff refers, however, was first presented to the Appeals Council some five months after the ALJ had rendered his decision. *See* Letter to Appeals Council dated December 13, 2006, AR 190. As Plaintiff notes, the Appeals Council acknowledged the receipt of the new evidence, and the evidence is now part of the record. AR 8, 191-199. As the Commissioner notes, however, this Court reviews only the Commissioner's final decision which is, in this instance, the decision of the ALJ. Whether the Appeals Council erred in denying Plaintiff's request for review is not before this Court. *See* 42 U.S.C. § 405(g).

4

Because a Social Security disability hearing is a nonadversarial proceeding, the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. United States Department of Health & Human Services*, 13 F.3d 359, 360-361 (10th Cir. 1993). Generally, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996). In this case, however, no additional medical records were identified at the hearing which would have triggered the duty of the ALJ to further develop the record, and under these circumstances, there is no error on the part of the ALJ.[2]

### B.    The ALJ's Rejection of Plaintiff's Hearing Testimony

Plaintiff also contends that the ALJ erred in failing to address Plaintiff's testimony regarding his need to elevate his feet during much of the day.[3] This issue is a challenge to the ALJ's credibility determination as the RFC did not contain any such limitation.

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). In *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), the Tenth Circuit set forth the framework for the proper analysis of a claimant's pain. First, the objective medical evidence must demonstrate a pain-producing

---

[2]As discussed below, the decision of the ALJ should be reversed and remanded for further proceedings. The omitted evidence can be presented for consideration on remand.

[3]The Commissioner states only that the medical record contains no annotations that indicate Plaintiff's doctors required Plaintiff to elevate his feet most of the day. Commissioner's Brief at 6.

impairment.  Second, a "loose nexus" must exist between the proven impairment and the claimant's subjective allegations of pain.  If these two conditions are satisfied, the ALJ must then determine whether, considering all the evidence both objective and subjective, the claimant's pain is in fact disabling.  *Id.*, 834 F.2d at 163-164.  "Objective evidence" is any evidence that can be discovered and substantiated by external testing. *Id.* at 162. "Subjective evidence" consists of statements of the claimant that can be evaluated only on the basis of credibility.  *Id.* at 162, n. 2.  To determine the credibility of pain testimony, the ALJ should consider such factors as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Branum v. Barnhart*,  385 F.3d 1268, 1273 -1274 (10th Cir. 2004) (*quoting Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir.1991) (quotation omitted)).

A court may review an ALJ's credibility findings to ensure that the ALJ's factual findings underlying the credibility determination are "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Hackett*, 395 F.3d at 1173 (quotation omitted).

At step two, the ALJ found that Plaintiff's severe impairments include "degenerative joint disease (both knees), obesity, chronic gouty arthritis, and hypertension."  AR 16.  There

is little doubt that degenerative joint disease, compounded by obesity, is a pain-producing impairment.  But the ALJ's credibility analysis begins with the following statement:

> "[Plaintiff's] allegations of disabling pain and discomfort are not supported by credible facts and findings from which it can be concluded that he has an impairment or impairments which could reasonably be expected to cause the degree of pain and discomfort he alleges.

AR 17.  This reasoning is circular, and it is not clear whether the ALJ even found objective medical evidence that demonstrates a pain-producing impairment.  The ALJ acknowledged, however, that Plaintiff had injured his right knee and "continued his complaints of knee, right foot, and ankle pain."  AR 18.  The ALJ stated that an x-ray of Plaintiff's ankle was not abnormal.  *Id.*  But the ALJ went on to discuss two of the factors used to determine the credibility of pain allegations, suggesting that the ALJ actually did find that Plaintiff has a pain-producing impairment with at least a loose nexus to Plaintiff's alleged pain.  The two factors the ALJ discussed concerned the apparent lack of side effects from medication and the Plaintiff's daily activities:  "There is no indication that [Plaintiff's] daily activities have been curtailed to an extent that would suggest an inability to engage in all work activity."  AR 18.  The only activity that the ALJ cited, however, is mowing.  The ALJ found that in August of 2002, Plaintiff mowed his lawn at most every three days.[4]  But lawn mowing cannot be considered a "daily activity," and the ALJ did not discuss any other daily activity that might have been inconsistent with a finding of disability.  Moreover, Plaintiff testified

---

[4]The ALJ does not cite the source of this information.

at the hearing that when he mowed the lawn, which as of the date of the hearing he had been unable to do for at least a year, his knees swelled for three or four days.  AR 212.

The ALJ's credibility findings are unclear and are not closely and affirmatively linked to substantial evidence.  Accordingly this case should be reversed and remanded for further proceedings.

### C.    The ALJ's Step Four Decision

The ALJ erred as a matter of law in accepting the VE's testimony, which is inconsistent with information contained in the DOT, without eliciting information to explain the discrepancy.[5]  Consequently, the ALJ's findings at step four of the sequential evaluation are not supported by substantial evidence.  His decision is, moreover, internally inconsistent.

Although Plaintiff did not raise this issue, the Court addresses it *sua sponte*.[6]  This Court generally decides appeals under the Social Security Act by considering the issues raised and argued in a plaintiff's brief.  Courts are not required to guess as to grounds for an appeal, nor are they obliged to scour an evidentiary record for every conceivable error.  *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (*citing U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).  But a reviewing court may not, on the other hand, "abdicate its traditional judicial function, nor escape its duty to scrutinize the record as a whole to

---

[5]"SSA adjudicators may not rely on evidence provided by a VE, VS, or other reliable source of occupational information if that evidence is based on underlying assumptions or definitions that are inconsistent with our regulatory policies or definitions."  SSR 00-4P.

[6]The Supreme Court has held that a Social Security claimant need not exhaust issues in a request for review to the Appeals Council in order to preserve judicial review of those issues. *Sims v. Apfel*, 530 U.S. 103, 112 (2000).

determine whether the conclusions reached are reasonable, and whether the hearing examiner applied correct legal standards to the evidence." *Bridges v. Gardner*, 368 F.2d 86, 90 (5th Cir. 1966); *see also Frith v. Celebrezze*, 333 F.2d 557, 561 (5th Cir. 1964) (reversing *sua sponte* upon observing that the hearing examiner failed to address and resolve crucial factors); *Litzsinger v. Astrue*, ___ F. Supp.3d ___, 2008 WL 420033 at *6 (D. Colo. Feb. 13, 2008) (finding *sua sponte* that the ALJ erred in assessing Plaintiff's RFC); *Szczecina v. Astrue*, ___ F. Supp.3d ___, 2008 WL 216379 at *7 (D. Colo. Jan. 24, 2008) (considering issue of acceptable medical sources *sua sponte*); *Gravel v. Barnhart*, 360 F. Supp.2d 442, 453 (N.D.N.Y. 2005) (court *sua sponte* notes that additional deficiencies in the ALJ's decision warrant remand).  A court's duty to scrutinize the record as a whole to determine whether the conclusions reached are reasonable and whether the hearing examiner applied correct legal standards to the evidence is especially important because "unlike the typical judicial proceeding, a social security disability case is nonadversarial[.] *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997).

This Court cannot, therefore, ignore obvious and prejudicial errors, even if the litigants did not identify and debate them.  The administrative record discloses such an error in this case, argued by neither party, but clearly prejudicial and warranting remand: the ALJ erred at step four of the sequential evaluation by failing to elicit testimony from the VE to reconcile the discrepancies between the VE's testimony and descriptions of jobs in the DOT. This legal error resulted in a decision that is internally inconsistent, and the ALJ's findings

at step four of the sequential evaluation are not supported by substantial evidence in the record.

Plaintiff testified at the administrative hearing that he had worked for three months in 2000 as a "parts builder in an auto parts store." AR 206. He further testified that he had owned his own diesel engine repair shop until 1992, but that he had not personally done any of the accounting or prepared any of the tax returns for the business. AR 207. Plaintiff testified that "all [he] ever did was trucks." AR 208. In describing the job of a diesel repair mechanic, Plaintiff stated, "Everything you touch weighs 50 to 150 pounds. I can't wrestle it. I can't walk. I can't stand there. I can't do anything I used to be able to do." AR 208.

At step four of the sequential evaluation, the ALJ determined that Plaintiff retained the residual functional capacity to perform a wide range of light work. AR 18, 19. At the administrative hearing, the VE testified that Plaintiff's past relevant work included "parts delivery clerk," DOT 292.353-010; "diesel mechanic," DOT 625.281-010; and "small business owner," DOT185.167-046. The VE supplied the particular DOT numbers identifying each job and testified that the parts delivery clerk job is classified as "a medium strength job," that the diesel mechanic job is "a heavy-skilled job," and that the small business owner is a "light, skilled job." AR 229. The VE's testimony as to the exertional requirements of the first two jobs is consistent with the description in the DOT. But "small business owner" is not a job identified in the DOT. The job actually described in the DOT at 185.167-046 is "manager, retail store." *See* DICOT 185.167-046, 1991 WL 671299.

10

Plaintiff never managed a retail store.  His small business was a diesel repair shop.  From his testimony, one can infer that Plaintiff was actively involved in the repair of diesel engines while he operated his small business.  The VE's testimony that working as a diesel mechanic requires the capacity to perform heavy work is consistent with information in the DOT.  The VE's testimony, however, that Plaintiff's past relevant work includes a light, skilled job identified as "small business owner" is plainly wrong, and the ALJ relied upon that erroneous testimony to determine that Plaintiff is not disabled.

The ALJ's decision that Plaintiff, who is limited to light work, could return to past relevant work which would require the capacity to perform heavy work, is not supported by substantial evidence.  Because this plain and prejudicial error was determinative of the outcome of the administrative proceedings, reversal and remand is warranted on this basis as well.

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any such objections must be filed with the Clerk of the District Court by June __17th__, 2008.  *See* LCvR72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of

11

the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir.

1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this

matter.

ENTERED this  __28th__  day of May, 2008.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE